# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON BYRD, aka Kebra Nagast, CDCR #AX-5330,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTOR OF CORRECTIONS, et al.<br><br>Defendants. | Civil No.   15cv2339 GPC (KSC)<br><br>**ORDER:**<br><br>**1)  DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)**<br><br>**AND**<br><br>**2) DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO AMEND WITHOUT PREJUDICE AS MOOT [ECF Doc. Nos. 5, 7]** |

Houston Byrd, aka Kebra Nagast ("Plaintiff"), a prisoner formerly incarcerated at the California Institution for Men in Chino, California ("CIM"), first filed a Complaint entitled "Freedom of Information Act" ("FOIA") on October 14, 2015. *See* ECF Doc. No. 1. In his original Complaint, Plaintiff invoked FOIA as the "powerful administrative tool" which required the "administration" at CIM to provide him with a "legal status summary sheet & classification score sheet" so that he might "challenge the new 33.3%

credit earning system" in state court. *See* Compl. at 1-2. Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), nor did he file a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a).

On November 25, 2015, Plaintiff filed a Notice of Change of Address indicating he was transferred to California Men's Colony ("CMC") in San Luis Obispo, California, on November 9, 2015. (ECF Doc. No. 2).

On December 21, 2015, Plaintiff filed a First Amended Complaint ("FAC"),[1] followed by a Motion for Preliminary Injunction on December 22, 2015. *See* ECF Doc. Nos. 3, 5.

In his FAC, Plaintiff claims prison officials at both CIM and CMC committed various acts of "racial discrimination against [him as] a disabled person" in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 794, denied him meaningful access to courts, and deprived him of equal protection and access to Islamic religious services in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *See* FAC at 4-11.

In his Motion for Preliminary Injunction, Plaintiff asks the Court to "appoint a federal ombudsman to investigate [and] insure" that "all CDCR libraries [are] up to the legal standard," that he be granted the "opportunity to visit the library at least twice per month," provided Islamic services once a week, and given a physical, mental and "total assessment" exam by a "neutral party." *See* Pl.'s Mot. (ECF Doc. No. 5) at 1-2.

Finally, on January 7, 2016, Plaintiff filed a Motion to Amend both his FAC and his Motion for Preliminary Injunction because the "CDCR is a lawless institution" and "important information ha[s] been realized & needs to be incorporated in []his suit." *See* ECF Doc. No. 7 at 1.

---

[1] FED. R. CIV. P. 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because Plaintiff's original Complaint had yet to be served on any party, amendment under FED. R. CIV. P. 15(a) was proper, and permission to amend was not required.

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

As noted above, Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this action, nor has he yet to submit a Motion to Proceed IFP. Therefore, for this reason alone, his case is subject to immediate dismissal. *See* 28 U.S.C. § 1914(a). And while the Court would ordinarily grant Plaintiff leave to file an IFP motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that doing so would be futile since Plaintiff is no longer entitled to that privilege, and his case was filed in the improper venue.

## II. 28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

### A. Standards

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter

"*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### B.  Application to Plaintiff's Case

As an initial matter, the Court has reviewed both Plaintiff's original and First Amended Complaints, and has ascertained that neither of them contain "plausible allegations" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, in both pleadings, as well as in his Motion for Preliminary Injunction, Plaintiff seeks injunctive relief against prison officials at both his current (CMC) and former institutions (CIM) based on claims that they have, on unspecified occasions, denied his access to court and discriminated against him due to his race and religion. *See* Compl. at 2; FAC at 3-11.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v.*

*Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Houston Byrd, aka Kebra Nagast, currently identified as CDCR Inmate #AX-5330,[2] has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

(1) *Nagast v. Lee, et al.*, Southern Dist. Cal. Civil Case No. 3:01-cv-02362-L-NLS (April 2, 2002 Order Granting IFP and Dismissing Complaint for Failing to State a Claim per 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)) (ECF Doc. No. 6) (strike one);

(2) *Nagast v. Director of Corrections*, et al., Central Dist. Cal., Eastern Div., Civil Case No. 5:09-cv-01044-CJC-PJW (Feb. 28, 2012 Report & Recommendation to grant Defendants' Motion to Dismiss Second Amended Complaint for Failure to State a Claim) (ECF Doc. No. 94), and (April 26, 2012 Order Accepting Report & Recommendation) (ECF Doc. No. 96) (strike two); and

(3) *Nagast v. House of Metamorphosis*, Southern Dist. Cal. Civil Case No. 3:10-cv-1036-JAH-POR (Nov. 29, 2010 Order Sua Sponte Dismissing First Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) (ECF Doc. No. 10) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed either his original or amended complaints, he is not entitled to the privilege of proceeding IFP in this case. *See* Cervantes, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the

---

[2] According to the California Department of Corrections and Rehabilitation's ID Warrants Unit, Plaintiff is also known as Kebra Nagast, and as Kebra Nagasi, and has been previously identified as CDCR Inmate #AF-9119, #N-79217 and #T-76987.

courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III.  Improper Venue**

Finally, even if Plaintiff did prepay the civil filing fee, or was entitled to proceed IFP, a further review of both his original Complaint and his FAC, as well as his Motion for Preliminary Injunction, reveal that he initiated this action in the wrong court. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff is currently incarcerated at CMC, is seeking injunctive relief related to the conditions of his confinement at both CMC and CIM, and has sued only CMC and CIM officials. *See* FAC (ECF Doc. No. 3) at 1-3; Mot. for Prelim. Inj. (ECF Doc. No. 5) at 1-2. Thus, to the extent the substantial part of the events or omissions giving rise to Plaintiff's claims occurred at CMC, in San Luis Obispo County, and/or at CIM, in Chino, California, which is located in San Bernardino County, venue would be proper in either the Eastern or Western Divisions of the Central District of California, pursuant

to 28 U.S.C. § 84(c)(1) and (2), but not in the Southern District of California, pursuant to 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## IV. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), and for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a);

(2) **DENIES** Plaintiff's Motions for Preliminary Injunction (ECF Doc. No. 5) and Motion to Amend (ECF Doc. No. 7) without prejudice as moot; and

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 29, 2016

HON. GONZALO P. CURIEL
United States District Judge